UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY OKEITH EASTER, | No.  2:26-cv-00843-TLN-SCR |
| Plaintiff, | |
| v. | ORDER |
| JERRY BROWN, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted a declaration.  *See* 28 U.S.C. § 1915(a)(1).  However, the motion for IFP is incomplete in that it does not answer Question #2 concerning income in the last twelve months.  The Court has also screened the complaint pursuant to 28 U.S.C. § 1915 and finds that it is legally deficient.  Accordingly, the Court directs Plaintiff to supplement his motion to proceed IFP, and will allow Plaintiff the opportunity to file an amended complaint.

I.  SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.   The Complaint

Plaintiff's complaint names several Government officials as defendants, including former Governor of California Jerry Brown, and former California Attorney General Kamala Harris. ECF No. 1 at 2-3. Plaintiff states his action is brought under 42 U.S.C. § 1983 and *Bivens*. Plaintiff alleges the facts giving rise to his claim have been occurring since 1980. *Id*. at 4. Plaintiff states he was extradited in 1980 from the city of Los Angeles to Virginia. *Id.* at 7. Plaintiff's factual allegations are unclear. He states the original case was nolle prosequi in 1982, but then he did serve a sentence, and was released in 1997, but then "held involuntary" from 1997 to 2016, and then returned to California in 2018. *Id*. at 7.

Plaintiff alleges he was involuntarily held and "treated as a slave." *Id*. Plaintiff also makes allegations against two individuals, John and Mickey Chohany, who are not named as defendants, about allegedly lying about where Plaintiff was employed and a garnishment. *Id*. These allegations concern the 2008 to 2017 time period. *Id*.

Plaintiff is seeking $1 million in damages "tax free" and $500,000 both from the State of Virginia and California, as well as damages from John and Mickey Chohany, who are not named Defendants. *Id*. at 8.

C.   Analysis

Plaintiff's complaint suffers from several legal deficiencies. First, Plaintiff states he is bringing a claim under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). However, *Bivens* allows for claims against <u>federal</u> officials, and all the Defendants herein appear to be state officials.[1] Second, Plaintiff's claims appear to be based on his conviction and alleged wrongful incarceration. Where a § 1983 action seeking damages alleges constitutional violations

---

[1] Kamala Harris has held both state and federal positions, but Plaintiff appears to name her as a Defendant for actions taken while Attorney General of the State of California. ECF No. 1 at 3.

that would necessarily imply the invalidity of the conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). Third, Plaintiff's claims appear to be time-barred. For example, Plaintiff in Count I alleges a due process violation concerning his extradition from California to Virginia in 1980. ECF No. 1 at 7. The statute of limitations for an action under § 1983 is based on the State's statute of limitations for personal injury actions. *See Nance v. Ward*, 597 U.S. 159, 174 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions."). In California, § 1983 claims have a two-year statute of limitations. *See Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024). The latest date alleged in the complaint is 2018, which is more than seven years prior to the filing of this action.

Additionally, Plaintiff's complaint is at times vague and conclusory. For example, in Count III Plaintiff alleges he was "treated as a slave." ECF No. 1 at 7. No allegations are made in Count III against any particular Defendant, no dates are pled, and no facts are described. The complaint names some individuals as Defendants without making allegations against them, and also makes allegations against other individuals, such as John and Mickey Chohany, who are not named Defendants. *Id.* at 7-8. The Court finds the complaint fails to comply with Rule 8 and fails to state a claim upon which relief can be granted.

## II. AMENDING THE COMPLAINT

The Court has considered whether Plaintiff should be granted leave to amend. The Court has liberally construed Plaintiff's pro se complaint and considered that generally pro se litigants are given an opportunity to amend. See *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). It appears to the Court that leave to amend may be futile, based on the legal deficiencies outlined above. However, given the lack of clarity and vagueness in Plaintiff's claims, the Court will grant Plaintiff leave to amend.

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of

4

Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants acted collectively. Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff must allege enough factual content in support of his claims to state a claim to relief that is plausible on its face.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff is directed to file a supplement to his motion to proceed in forma pauperis (ECF No. 2) to address his failure to complete Question No. 2 concerning income during the past twelve months. Plaintiff shall file such supplement **within 21 days of the date of this Order**.

2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: May 8, 2026

_____

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE