UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY OKEITH EASTER,

        Plaintiff,

v.

JERRY BROWN, et al.

        Defendants.

No.  2:26-cv-00843-TLN-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se in this action, which is referred to the undersigned pursuant to Local Rule 302(c)(21).  The Court previously found Plaintiff's motion to proceed in forma pauperis ("IFP") to be incomplete, and that the complaint fails to state a claim.  ECF No. 4.  The Court directed Plaintiff to supplement the motion to proceed IFP, and allowed Plaintiff leave to amend.  Plaintiff has not supplemented, or filed an amended complaint.  Accordingly, the Court recommends that this action be dismissed.

**I.    Background and Procedural History**

Plaintiff filed this action on March 11, 2026.  The complaint alleged that jurisdiction was based 42 U.S.C. §1983 and *Bivens*.  ECF No. 1.  Plaintiff also filed a motion to proceed in forma pauperis.  ECF No. 2.  On May 11, 2026, this Court issued an order pursuant to 28 U.S.C. § 1915 screening the complaint and directing Plaintiff to supplement his motion to proceed IFP.  ECF No. 4.  The screening order advised Plaintiff of several deficiencies with his complaint, including:

1

1) that he appeared to be raising claims barred by *Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994); 2) his claims were untimely under the two-year statute of limitations for § 1983 claims as the events described are alleged to have occurred between 1980 and 2018; 3) many of his allegations were vague and conclusory and did not comply with Rule 8.  ECF No. 4 at 3-4.  The order also directed Plaintiff to supplement his IFP application because he had not fully answered the question concerning income.  *Id.* at 5.  Plaintiff was allowed 21 days to supplement his IFP motion, and 30 days to file an amended complaint.  The order cautioned: "If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed."  *Id.* at 6.  The supplement to the motion for IFP was due by June 1, 2026, and the amended complaint was due by June 10, 2026.  Neither was filed.

## II.    Analysis

Plaintiff has not been granted leave to proceed IFP, has not paid the filing fee, and has not supplemented his application as ordered.  As the Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute.  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty."  *Id.*  Plaintiff has provided insufficient information in support of his motion and has not complied with the Court's order to supplement the motion.  Plaintiff has also not paid the filing fee.  Plaintiff's action thus may not proceed.  See *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999) ("An action may proceed despite failure to pay the filing fees only if the party is granted IFP status.").

Additionally, for the reasons set forth in the prior screening order (ECF No. 4), the complaint fails to state a claim and does not comply with Rule 8.  Plaintiff has apparently declined the opportunity to file an amended complaint.  Plaintiff was advised of the deficiencies of his complaint, and allowed 30 days to amend.  He was further cautioned that failure to comply may result in dismissal.  ECF No. 4 at 6.  Plaintiff did not file an amended complaint.  Accordingly, the Court recommends the action be dismissed.  *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

2

### III.    CONCLUSION

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

2.  Plaintiff's Complaint and this action be dismissed without prejudice; and

3.  The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE